[Crim. No. 1254. First Appellate District, Division Two.—June 23, 1925.]

THE PEOPLE, Respondent, v. ELIZABETH SANDERS, Appellant.

[1] CRIMINAL LAW — ROBBERY AND ASSAULT — AIDING AND ABETTING FELONY—EVIDENCE—VERDICT.—In this prosecution in which the jury returned a verdict finding the defendant guilty of the crimes of robbery and assault, the facts were sufficient to convict the defendant of aiding and abetting the felony, and she was punishable as a principal.

[2] ID.—HEARSAY—CORROBORATIVE EVIDENCE—ABSENCE OF PREJUDICE. In such prosecution, conceding that certain testimony of a town marshal as to the steps taken by him in securing through his "night man" the number of the taxicab in which the prosecuting witness had been riding, was hearsay and inadmissible, the admission of such testimony was not prejudicial to defendant, where it was merely corroborative of the testimony of the prosecuting witness and of the police who located the taxicab, and the testimony of the prosecuting witness alone was sufficient to sustain the conviction.

(1) 5 C. J., p. 788, n. 2; 34 Cyc., p. 1808, n. 78. (2) 17 C. J., p. 321, n. 47.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Philip M. Zwerin and Frank J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—The defendant appeals from a judgment entered upon a verdict of a jury finding her guilty of the crimes of robbery and assault.

The prosecuting witness, W. R. Brookes, lived in Downieville, California. He came to San Francisco and met defendant about a week before the date of the commission of the crimes charged, which was October 20, 1924. On said date, he had breakfast with her at a restaurant in San Francisco and while there wrote out a check for $200. He then called for a taxicab and defendant asked that No. 102 of the Checker Taxicab Company be called. This taxicab arrived, driven by Jack O'Connor, who was also charged with assaulting and robbing Brookes. Defendant and Brookes were driven to the bank, where defendant cashed his check. That afternoon Brookes and the defendant went to the theater together and then went on a shopping tour in the taxicab driven by O'Connor and then to a restaurant for dinner and to the apartment of the defendant. O'Connor was invited into the apartment also, and the trio drank intoxicating liquor. Later, Brookes was driven by O'Connor to a club where more intoxicating liquor was consumed by them and then Brookes was driven to his hotel. He testified that he dismissed the taxicab and prepared to leave the hotel and return to his home. Before he had completed his arrangements for departure, the defendant in the taxicab called for him again and asked him to go for a ride with her and he consented. Driven by O'Connor, they went to the beach, where O'Connor purchased some whisky. Brookes said that several times he asked to be taken back to his hotel so that he might return to his home and that O'Connor always replied, "On the way, Chief." The defendant urged Brookes to go to the Sixteen-Mile House and he objected. O'Connor continued driving away from San Francisco and when they were in San Mateo County near the Tanforan racetrack, Brookes became conscious that defendant had her hand in his pocket. He protested and, in his own language, "started to bawl her out." He stated that

upon his protests, O'Connor suddenly stopped the taxicab; that Brookes attempted to get out of it and O'Connor hit him over the head with something; that he struck him several times until he became unconscious and the next thing he was conscious of was of being in the hospital. He stated that he had about $180 and three gold nuggets in his possession and also certain papers at the time he was struck by O'Connor. When he was picked up along the road by a passing automobile, these articles had been taken from him. The hospital records show Brookes was admitted there at 1:15 A. M. on October 21st, suffering from several cuts in his head. The next morning, the police officers located the taxicab. They arrested O'Connor and took him to the apartment of the defendant. She refused to admit them and they were compelled to force an entrance. They found her in bed. She had over eighty dollars in her purse; and in the garbage container in her apartment was found a torn labor claim with reference to work at Brookes' mine and bearing his name, which he stated he had with him in the taxicab on the night of the assault. O'Connor and defendant were taken to the police station in an automobile and when they left this vehicle two gold nuggets were found hidden under the seat which they had occupied during the ride.

[1] There are other circumstances in the case, all indicating the guilt of the defendant. We have only recited the outstanding facts and they are sufficient to convict the defendant of aiding and abetting the felony and she is punishable as a principal. (Sec. 971, Pen. Code.)

[2] The only other point made upon the appeal is that error was committed in the admission of certain hearsay testimony. This testimony was given by the marshal of the town of San Bruno. He testified that he sent his "night man" to the hospital to see Brookes and that the "night man" reported to him a number of a taxicab which Brookes had given him and that he (the marshal) telephoned that number to the detective bureau in San Francisco. It is contended that this testimony is hearsay. Conceding that it was not admissible, it is, nevertheless, not prejudicial. It is not necessary in the record to sustain the conviction. Brookes testified at the trial that the taxicab in which he was riding was No. 102. The police testified to finding that

taxicab the morning after the assault, with blood upon the floor, running-board and fenders; that in the taxicab was also found a bar about a foot long which was covered with blood and also a bottle of whisky; that one of the windows was broken. It was unnecessary for the state to prove how the police followed the trail of the crime and located the taxicab and the guilty persons, and, therefore, the testimony that Brookes gave the number to the marshal's assistant and that he repeated it to the marshal, etc., was immaterial and could not have been prejudicial.

The story of Brookes alone sustains the conviction, and the other evidence in the case is merely corroborative of that story. He positively identified the defendant and she admitted being in the taxicab with him at the time of the assault, but denied she had put her hands into his pockets or that she had received any part of the spoils. She said she was frightened and helpless and that after O'Connor had injured Brookes and put him out of the taxicab, she had asked to be driven to her home and that she had no part in the crime. From all the facts and circumstances, the jury disbelieved her and there is nothing in the record which warrants the interference of this court with its verdict.

The other objections of appellant to the admission of testimony are without merit. There was no objection made at the trial to the testimony of which complaint is made.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.